## TURNER *v.* ELLINGER.

---

PATENTS; INTERFERENCE; CONCEPTION; EVIDENCE.

A junior applicant cannot, in the absence of documentary or other tan-
gible evidence of conception by him, be awarded priority upon his

own testimony, when the same is not corroborated by clear and convincing evidence.

No. 928. Patent Appeals. Submitted November 11, 1914. Decided December 7, 1914.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding.          *Affirmed.*

The facts are stated in the opinion.

*Mr. Charles J. Williamson* for the appellant.

*Mr. William A. Megrath* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

This is an appeal from concurrent decisions of the three Patent Office tribunals in an interference proceeding in which priority of invention was awarded Julian O. Ellinger, the appellee, the senior applicant, upon his filing date of January 13, 1906.

The invention is an improvement in reinforced concrete construction, and, for our purposes, will be sufficiently understood by a reading of the single count of the issue:

"In a reinforced concrete building construction, the combination with a floor and its support made of suitably molded concrete, the support embracing metal reinforcing members provided with apertures, of reinforcing rods extending continuously through said apertures and into the concrete floor structure on both sides of said support."

The appellant, Claude A. P. Turner, is a civil engineer, and testifies that he conceived the invention in 1904, and that in the fall of that year he embodied it in drawings to be used as plans for the construction of an Armory building in the city of Minneapolis; that this building was begun in the following year, and that the concrete construction was placed in position in September and October of that year. The plans al-

luded to have not been produced, the witness stating that they were filed with the building department of the city and have since been mislaid or lost. An alleged tracing of these drawings has been introduced in evidence, but that tracing is of little value here, inasmuch as it was made from memory and for the purposes of this interference. The superintendent in charge of the work and the architect with whom the appellant was associated as consulting engineer and architect, testified for the appellant; but after a careful reading of their testimony, we are constrained to agree with the Patent Office tribunals that it is not sufficient to establish conception of the invention by the appellant prior to the appellee's filing date. When, as in this case, there is an utter lack of documentary or other tangible evidence, the testimony of the party in interest should be corroborated by clear and convincing evidence.

The decision will be affirmed.                    *Affirmed.*